UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


ELIZABETH N. HALSETH,

No. CV 04-1409-MO

               Plaintiff,

OPINION re: Attorney's Fees

    v.

B.C. TOWING, INC., et al.,

               Defendants.


**MOSMAN., J.**

As a result of the jury's verdict in this case, plaintiff Elizabeth Halseth prevailed on each of her claims against defendant B.C. Towing and she was awarded significant damages. She now moves for an award of attorney's fees in the amount of $115,412. B.C. Towing has not responded to Ms. Halseth's motion.

Title VII gives the court discretion to award attorney's fees to the prevailing party. 42 U.S.C. § 2000e-5(k); *Mitchell v. Office of L.A. County Superintendent of Schs.*, 805 F.2d 844, 847 (9th Cir. 1986). Ms. Halseth is the prevailing party in this action as she obtained a judgment in her favor on all of her claims against B.C. Towing. *Hensley v. Eckerhard*, 461 U.S. 424, 435 (1983) (a "prevailing party" is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit").

The court may only award fees to the extent they are reasonable. *Id.* In determining

reasonableness, the court begins by calculating the lodestar: multiplying a reasonable hourly rate by the reasonable number of hours spent. *McGrath v. County of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995). Next, the court must consider other relevant factors, including those identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), to determine whether adjustments to the lodestar are warranted under the circumstances. *Id.*

A.)     Reasonable Hourly Rate

The prevailing market rate is indicative of a reasonable hourly rate. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992). Ms. Halseth's lead attorney, Craig Crispin, submits the prevailing rate for an attorney with his experience and skills is $325 per hour, and the prevailing rate for his associates is $250 per hour. I find these proffered rates are sufficiently supported by the documentation submitted by counsel, and I further conclude they are reasonable in this case. Additionally, plaintiff seeks compensation for paralegal services rendered at a rate of $95 per hour. Again, I find this rate is adequately supported by the information submitted to the court.

B.)     Reasonable Number of Hours

Plaintiff's counsel has submitted detailed documentation of the time spent on this case. In addition, Mr. Crispin represents that he reviewed the firm's billing and subtracted over $7,000 for activities that were duplicitous, inefficient, or otherwise unreasonable. Crispin Decl. at ¶ 5; *see Hensley*, 461 U.S. at 434. The court also notes plaintiff's counsel omitted the billing entries representing time spent on activities solely involving the other defendants in the case from the request for fees against B.C. Towing. In light of this, and the fact that this case extended over a period of three years and involved significant motions practice and a jury trial, I find the amount of time proffered by counsel is reasonable.

PAGE 2 – OPINION re: Attorney's Fees

C.)    <u>Additional Factors</u>

Apart from calculating the lodestar, I find the nature and general circumstances of this case support plaintiff's fee request.  Counsel committed a significant amount of time to bring the case to trial, the issues presented involve important public rights, and plaintiff ultimately achieved a high degree of success against B.C. Towing.  *Id.* at 435.  Thus, I find no basis to otherwise adjust the lodestar in this case.

Ms. Halseth's motion for attorney's fees (#) is GRANTED.

IT IS SO ORDERED.


Dated this   9th   day of March, 2007.


                                                    /s/ Michael W. Mosman
                                                    MICHAEL W. MOSMAN
                                                    United States District Judge